UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 7 |
| ALEX JONES, | § § | Case No. 22-33553 |
| Debtor. | § § § | |
| In re: | § § | Chapter 11 |
| FREE SPEECH SYSTEMS LLC, | § § | Case No. 22-60043 |
| Debtor. | § § § § | |

**TRUSTEE'S EMERGENCY MOTION TO (1) CLARIFY TRANSFER OF CONTROL AND SIGNING AUTHORITY WITH RESPECT TO DEBTOR'S BANK ACCOUNTS, (2) FOR AN ORDER EXTENDING AUTOMATIC STAY IN THE ALEX JONES CASE TO FREE SPEECH SYSTEMS LLC, AND (3) RELATED RELIEF**
**(Relates to Doc. No. 956)**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

Christopher R. Murray in his capacity as the Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of Alexander Jones ("**Alex Jones**") files this Emergency Motion (the "**Motion**") to (1) Clarify the Transfer of Control and Signing Authority with Respect to the Debtor's Bank Accounts, (2) for an Order Extending the Chapter 7 Automatic Stay in the Alex Jones Case to Free

1

15439724

Speech Systems LLC ("**FSS**," the "**Debtor**"), and (3) Related Relief, and in support thereof would respectfully show the Court as follows:

## PRELIMINARY STATEMENT

1. The Trustee seeks the Court's help to preserve the value of its ownership position in FSS by extending the automatic stay to halt attempted asset seizures by a subset of FSS unsecured creditors for a limited period while the Trustee conducts an orderly wind-down process and asset sale.

2. Upon the conversion of Alex Jones' personal bankruptcy case, Alex Jones' personal rights in FSS became the property of the chapter 7 estate pursuant to section 541 of the Bankruptcy Code. This included not only the bare equity interests, but also the non-monetary rights and responsibilities of the equity holder. These things became property of the estate—subject to this Court's jurisdiction—immediately, automatically, and irrespective of any private, contractual, or state statutory limitations to the contrary.

3. Upon his appointment, the Trustee began to assess the chapter 7 estates' stake in FSS. The Trustee opened discussions with FSS's purported secured creditor, PQPR, its employees, including Alex Jones, its stakeholders, including vendors and counterparties, and its unsecured creditors, including the Texas and Connecticut judgment plaintiff groups. In addition, the Trustee immediately engaged counsel, consulted with prior FSS chapter 11 professionals, and contacted other parties in interest, including the former UCC in the individual bankruptcy case. The Trustee also took steps to preserve the operational status quo of FSS and to secure oversight of FSS's finances. At the same time, the Trustee began planning to wind-up FSS's operations and liquidate its inventory.

4. However, this orderly process was imperiled when, on Friday, June 21, 2024, a subset of FSS's general unsecured creditors filed applications for a "turnover" order and a post-judgment writ of garnishment in a Texas state court concerning FSS's cash and other assets. An order regarding the turnover motion was filed within about an hour of this Court's entry of the Dismissal Order, that order being granted approximately an hour later. The specter of a pell-mell seizure of FSS's assets, including its cash, threatens to throw the business into chaos, potentially stopping it in its tracks, to the detriment of the interests of the chapter 7 estate for which the Trustee is responsible.

5. Thus, the Trustee seeks this Court's intervention to prevent a value-destructive money grab and allow an orderly process to take its course.

## NATURE OF THE MOTION

6. On June 21, 2024, the Court entered the Dismissal Order disposing of the chapter 11 subchapter v voluntary petition filed by FSS. [Dkt. No. 956]. In addition to dismissing FSS's chapter 11 case, the Dismissal Order authorized the CRO to transfer control and signing authority with respect to the Debtor's bank accounts to the Trustee. *Id*. Beyond this, through the Dismissal Order, the Court retained jurisdiction over the following matters: (i) Adversary Proceeding Nos. 24-3038, *Elevated Solutions Group, LLC v. Free Speech Systems LLC, et al*; 23-3127, *Free Speech Systems LLC v. PQPR, Limited Holdings LLC, et al*; and 22-3331, *Neil Heslin, et al. v. Alex E. Jones, et al*; (ii) applications for professional fees and expenses; and (iii) the interpretation and enforcement of the Dismissal Order. *Id*.

7. Despite the Court's retention of *exclusive jurisdiction* over the relative proceedings and making clear that the Trustee was to obtain control and signing authority over certain of the Debtor's property, Neil Heslin ("**Heslin**") and Scarlett Lewis ("**Lewis**," together with Lewis the

"**Judgment Creditors**") filed Applications for a Turnover Order and a Post-Judgment Writ of Garnishment in the District Court of Travis County, Texas.

8. Accordingly, the Trustee files this Motion seeking to preserve the status quo by (1) clarifying the transfer of control and signing authority with respect to the Debtor's bank accounts to Christopher R. Murray in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Alexander Jones, Case No, 22-33553; (2) extending the chapter 7 automatic stay in the Alex Jones Case to FSS to allow the Trustee to effectuate an orderly wind-down and sale process; and (3) authorizing the Trustee to manage FSS's cash and use it in the course of FSS's business and wind-down operations in his discretion.

## FACTUAL BACKGROUND

9. On July 29, 2022 (the "**Petition Date**"), FSS filed its voluntary petition for relief under chapter 11 subchapter v of the Bankruptcy Code. [*See* Dkt. No. 1]. For reasons stated on the record at hearing on June 14, 2024, the Court entered the Dismissal Order dismissing FSS's chapter 11 case. [*See* Dkt. Nos. 955 and 956].

10. Relative here, the Dismissal Order provides that,

> 2. The CRO is authorized ***to transfer control and signing authority with respect to the Debtor's bank accounts to Christopher R. Murray*** in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Alexander Jones, Case No. 22-33553. . .
>
> 4. This Court shall retain ***exclusive jurisdiction*** over the following matters:
>    a. Adversary Proceeding No. 24-3038, *Elevated Solutions Group, LLC v. Free Speech Systems LLC, et al.*;
>    b. Adversary Proceeding No. 23-3127, *Free Speech Systems LLC v. PQPR, Limited Holdings LLC, et al.*;
>    c. Adversary Proceeding No. 22-3331, *Neil Heslin, et al. v. Alex E. Jones, et al.*; and

    d. Applications for approval of professional fees and expenses.[1]

  5. The Court retains jurisdiction to interpret and enforce this Order.

[Dkt. No. 956] (emphases added).

  11. The very day this Court entered the Dismissal Order retaining *exclusive jurisdiction* over the above matters and authorizing the transfer of control and signing authority with respect to the Debtor's bank accounts to the Trustee, the Judgment Creditors filed an Application for Turnover Order (the "**Turnover Application**") in the 261st District Court of Travis County, Texas.[2]

  12. The Turnover Application seeks an order from the Texas state court compelling FSS to turnover to the Judgment Creditors all non-exempt property (including, but not limited to) "money held in any bank accounts or being held or controlled by any other third parties at the direction of Free Speech Systems."[3] To make matters worse, the state court entered an order granting the Judgment Creditors' Turnover Application.[4] If the order granting the Turnover Application were allowed to take effect, it would immediately imperil the business operations of FSS and, therefore, the Trustee's administration of the chapter 7 estate.

  13. The Judgment Creditors also filed an Application for Post-Judgment Writ of Garnishment (the "**Garnishment Application**").[5] Like the Turnover Application, the

---

[1] The Court retained jurisdiction to rule on fee applications which are to be paid from cash remaining in the estate at the time of closing.

[2] *See* Ex. A, Plaintiffs' Application for Turnover Order, and associated exhibits.

[3] *See id.* at p. 4.

[4] *See* Ex. B, Executed Turnover Order.

[5] *See* Ex. C, Plaintiffs' Application for Post-Judgment Writ of Garnishment, and associated exhibits.

15439724

Garnishment Application seeks an order from the Texas state court allowing the Judgment Creditors to "garnish any amounts under ['the deposits accounts, an operation accounts, and a donations account'] or any other account, in this name, or any other name belonging to Free Speech Systems."[6] Like the Turnover Application, success in garnishing FSS's accounts would be threatening to its business operations.

14. For these reasons, the Trustee believes emergency relief is warranted, including entry of an order extending the chapter 7 automatic stay in the Alex Jones case to FSS to allow the Trustee to effectuate an orderly wind-down and sale process and authorizing the Trustee to manage FSS's cash and use it in the course of FSS's business and wind-down operations in his discretion.

## RELIEF REQUESTED

15. The Trustee requests that the Court enter an order (1) clarifying the transfer of control and signing authority with respect to the Debtor's bank accounts to Christopher R. Murray in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Alexander Jones, Case No, 22-33553; (2) extending the chapter 7 automatic stay in the Alex Jones case to FSS for 90 days (without prejudice to the Trustee seeking an extension, if needed) to allow the Trustee to conduct an orderly wind-down of FSS's operations and liquidate its inventory; and (3) granting related authority with respect to cash management.[7]

16. The terms of the Dismissal Order are clear; the CRO was authorized to transfer control and signing authority with respect to the Debtor's bank accounts to the Trustee, and this Court retained *exclusive jurisdiction* over all related proceedings along with jurisdiction to enforce

---

[6] *See id*. at p. 3.

[7] The Trustee, as the 100% owner and sole member (and soon to be manager of FSS) has a fiduciary duty to the creditors of FSS in addition to his fiduciary duties as the chapter 7 trustee of the Alex Jones creditors.

15439724

and interpret the Dismissal Order. However, the Judgment Creditors' collection efforts threaten the ongoing business of FSS and interfere with the Trustee's efforts to administer the chapter 7 estate and conduct an orderly wind-down of FSS's operations. As such, extension of the chapter 7 automatic stay in the Alex Jones case to FSS through the Court's equitable powers is warranted.

17. The Court may exercise its broad equitable powers, recognized interchangeably as the "doctrine of necessity" or "necessity of payment rule," to fashion any order or decree that is in the interest of preserving or protecting the value of the Debtors' assets. *See In re CoServ, L.L.C.*, 273 B.R. 487, 496–97 (Bankr. N.D. Tex. 2002) (recognizing the "doctrine of necessity"); *see also In re Young*, 416 F. App'x 392, 398 (5th Cir. 2011) (recognizing "[s]ection 105(a) of Title 11 permits the bankruptcy court to exercise broad authority"); *In re Trevino*, 599 B.R. 526, 543–43 (Bankr. S.D. Tex. 2019) (noting that the bankruptcy court has "broad authority" under section 105(a) of the Bankruptcy Code); *In re Padilla*, 379 B.R. 643, 667 (Bankr. S.D. Tex. 2007) (citations omitted) ("Section 105(a) gives bankruptcy courts broad authority to take actions necessary and appropriate for administering and enforcing the Bankruptcy Code and . . . 'authorizes a bankruptcy court to fashion such orders as are necessary to further the substantive provisions of the Bankruptcy Code.'").

18. Applicable here is authority concerning the protections of the automatic stay as it relates to chapter 11 cases and the insulation of business operations from collections actions. In that regard, "[t]he stay insures that the debtor's affairs will be centralized, initially, in a single forum in order to prevent conflicting judgments from different courts and in order to harmonize all of the creditors' interests with one another." *Fid. Mortg. Inv'rs v. Camelia Builders, Inc.*, 550 F.2d 47, 55 (2d Cir. 1976). By filing the Turnover Application—which the state court has already entered an order granting—and the Garnishment Application, the Judgment Creditors threaten to

create the very thing the automatic stay seeks to prevent, conflicting judgments from different courts and an imbalance between the Debtor's creditors. *See id.*

19. The Dismissal Order supports extending the Alex Jones chapter 7 automatic stay to FSS. The Dismissal Order states that "The CRO is authorized to transfer control and signing authority with respect to ***the Debtor's bank accounts to Christopher R. Murray in his capacity as the Chapter 7 Trustee*** for the bankruptcy estate of Alexander Jones, Case No. 22-33553." [Dkt. No. 956.] (emphases added). By obtaining an order regarding the Turnover Application and filing the Garnishment Application, the Judgment Creditors directly and adversely affected the Trustee's rights. Thus, extension of the Alex Jones chapter 7 automatic stay to FSS is necessary to prevent the Judgement Creditors from acquiring the very accounts over which the Dismissal Order made clear the CRO was authorized transfer control and signing authority to the ***Trustee***. *See, e.g., Queenie, Ltd. v. Nygard Intern, 321 F.3d* 287–288 (2d Cir. 2003) (recognizing extension of stay to a non-debtor as appropriate where it presented immediate adverse economic consequences for the debtor's estate).

20. In addition to an order staying collection actions against FSS for 90 days (without prejudice to the Trustee seeking an extension, if needed) to allow the Trustee to conduct an orderly wind-down of FSS operations and liquidating its inventory, the Trustee requests an award of attorneys' fees related to his efforts drafting and prosecuting of this Motion.

WHEREFORE, the Trustee requests that the Court enter an order, substantially in the form attached hereto, (i) clarifying the transfer of control and signing authority with respect to the Debtor's bank accounts to Christopher R. Murray in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Alexander Jones, Case No, 22-33553; (ii) extending the chapter 7 stay in the Alex Jones case to FSS for 90 days (without prejudice to the Trustee seeking an extension, if

needed) to allow the Trustee to conduct an orderly wind-down of FSS operations and liquidating its inventory; (iii) authorizing the Trustee to manage FSS's cash and use it in the course of FSS's business and wind-down operations in his discretion; (iv) awarding the Trustee reasonable attorneys' fees associated with the drafting and prosecution of this Motion; (v) and granting the Trustee such other and further relief as the Trustee may be justly entitled.

**Dated: June 23, 2024.**

Respectfully submitted,

**Porter Hedges LLP**

By: /s/ Joshua W. Wolfshohl
Joshua W. Wolfshohl
State Bar No. 24038592
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)

**Counsel to Christopher R. Murray, Chapter 7 Trustee**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was duly served by electronic transmission to all registered ECF users appearing in the case on June 23, 2024.

/s/ Joshua W. Wolfshohl
Joshua W. Wolfshohl

15439724